# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

RACETIME INVESTMENTS, LLC,

     Plaintiff,

v.                                         Civil Action No. 3:12cv860

ROBERT MOSER, *et al.*,

     Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on Plaintiff Racetime Investments, LLC's Motion to Remand for Lack of Subject Matter Jurisdiction ("Motion to Remand"). (ECF No. 4.) Defendants Robert J. Moser, Robert C. Morgan, Morgan RV Resorts, LLC, and Racetime RV Resorts, LLC (collectively "Defendants") filed a Memorandum in Opposition to Plaintiff's Motion to Remand ("Defs.' Opp'n"). (ECF No. 17.) RTI replied. (ECF No. 18.) The parties have not sought oral hearing and have adequately presented the facts and legal contentions on the record such that oral argument would not aid the decisional process. The matter is ripe for disposition.

For the reasons stated below, the Court RECOMMENDS that the District Court GRANT RTI's Motion to Remand and remand this action to the Circuit Court of the County of Spotsylvania. The Court RECOMMENDS the District Court DENY RTI's request for costs and attorneys' fees.

## I. Factual and Procedural Background

This Motion to Remand ultimately turns on whether a court should consider the citizenship of a joint venture in a derivative action in assessing the existence of diversity

jurisdiction. No dispute exists as to the citizenship of any entity. Instead, the parties differ as to whether this Court must consider the citizenship of all the parties involved in the dispute, especially Plaintiff Racetime Investments, LLC's membership in the defendant joint venture.

A.    **Factual Allegations**

The underlying controversy stems from the creation of a joint venture among Racetime Investments, LLC, ("RTI" or "Plaintiff"), Robert Moser, and Robert Morgan. These parties created a joint venture in order to franchise National Association for Stock Car Auto Racing, Inc. ("NASCAR") themed RV parks. Larry Silver, a principal in RTI, negotiated a franchise agreement with NASCAR for the themed RV parks, and, in October 2009, RTI and Morgan RV Resorts, LLC ("Morgan RV") formed the joint venture Racetime RV Resorts, LLC ("Racetime RV" or "the JV"). (Compl. ¶¶ 9-10.) The JV entered into a licensing agreement with NASCAR, planning to franchise NASCAR-branded and themed RV parks and to sell NASCAR RV franchises. (Compl. ¶¶ 11, 12.) The JV planned to franchise the NASCAR RV parks to Morgan RV and third parties. (Compl. ¶ 13.)

Plaintiff RTI alleges that it contributed over 1.6 million dollars in capital to the JV, including cash payments and the payment of the JV's legal fees, which Morgan RV, through Moser, Morgan, agreed to match, doing so in part by converting thirteen of Morgan RV's own RV parks into NASCAR-branded RV parks that would pay franchise fees and royalties to the JV. (Compl. ¶¶ 14-15.) Plaintiff RTI contends Morgan RV never made the capital contribution to the JV, never paid the franchise fees, and never paid the royalties owed. (Compl. ¶ 15.) RTI avers that Defendants intentionally caused RTI to invest in the JV so Defendants could use that

2

money for other Morgan RV entities, making fraudulent entries into the JV's books and records falsely suggesting that Morgan RV contributed its share of capital. (Compl. ¶¶ 17, 19.)

## B. Citizenship of Entities

Because the corporate structures interrelate, the Court separately describes the entities at bar. Two LLCs became part of the Racetime RV joint venture at the core of this controversy. "[A] limited liability company is assigned the citizenship of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). The first LLC at bar, RTI, acts as Plaintiff in this case. RTI is a citizen of Delaware.[1] (Compl. ¶ 3.) The second LLC, one of the defendants, Morgan RV Resorts LLC,[2] is a citizen of New York and Pennsylvania.[3] (Compl. ¶ 3, 6.) Defendants Moser and Morgan are citizens of New York.[4] (Compl. ¶¶ 4, 5; Not. Removal ¶¶ 5.b, 5.c.)

Among others, RTI names the Racetime RV joint venture as a Defendant. The JV is comprised of more than one member: Plaintiff RTI (a Delaware citizen), is a member of the JV, as are the New York defendants. At issue, then, is whether this Court should disregard the citizenship of the members in the JV, essentially the JV itself, for purposes of determining

---

[1] Silver entered into the joint venture through RTI.

[2] Morgan and Moser control Morgan RV Resorts. RTI alleges that RTI and Morgan RV entered into the joint venture. (Compl. ¶ 10.) Morgan RV joined the joint venture through a shell entity entitled Morgan Racetime, LLC. (Compl. ¶ 10 n.2.)

[3] In their Notice of Removal, Defendants indicate that Morgan RV is also citizen of Pennsylvania. (*See* Not. Removal ¶ 5.e.) RTI does not challenge the added Pennsylvania citizenship of Morgan RV. Therefore, the Court assumes that Morgan RV is properly a citizen of Pennsylvania and New York.

[4] The state of a natural person's domicile determines his or her citizenship. *See Gambelli v. United States*, 904 F. Supp. 494, 496 (E.D. Va. 1995).

diversity. If the Court considers the JV, diversity is destroyed because the same Delaware entity, RTI, remains on both sides of the so-called "V," as a part of the defendant JV and the only plaintiff.

### C.    Procedural Posture

On August 29, 2012, RTI filed suit in the Circuit Court of the County of Spotsylvania, naming Moser, Morgan, Morgan RV, and the JV as defendants. RTI filed suit individually and derivatively on behalf of the JV. Individually, RTI alleged conversion, unjust enrichment, and fraud. (Compl. ¶¶ 46-56.) Derivatively, RTI alleged unjust enrichment and breach of contract. (Compl. ¶¶ 57-62.) RTI named the JV as a "nominal" defendant "because it is a necessary party to the derivative causes of action." (Compl. 2 n.2, ¶ 7.)

On November 29, 2012, Defendants removed this action on the basis of diversity jurisdiction. Defendants argue diversity exists because RTI is a citizen of Delaware, Moser and Morgan are citizens of New York, and Morgan RV is a citizen of New York and Pennsylvania. Defendants argue that the JV, a citizen of Delaware and New York, is a nominal defendant whose citizenship is disregarded for diversity purposes.[5] (Not. Removal ¶ 5.e.)

On December 6, 2012, RTI filed its Motion to Remand, opposing removal. RTI contends that the JV's citizenship cannot be disregarded when assessing the citizenship of the parties and determining whether complete diversity exists. On December 20, 2012, Defendants filed their Memorandum in Opposition. On January 3, 2013, RTI replied. On January 4, 2013, the District

---

[5] In proper circumstances, the court will usually disregard the citizenship of purely nominal parties. *See, e.g., CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191-92 & n.4 (4th Cir. 2002) (disregarding citizenship of parties in a Securities Exchange Act suit when they had no ownership interest in the funds at issue but who were named, largely due to technical reasons, by the Commodity Futures Trading Commission in its efforts to halt commodities fraud).

Court referred this matter to the undersigned magistrate judge for report and recommendation.[6] (ECF No. 19.)

For the reasons that follow, this Court will recommend that RTI's Motion to Remand be granted. The Court will also recommend denial of RTI's request for attorneys' fees and costs. This Court recommends remanding this action to the Circuit Court of the County of Spotsylvania.

## II. Standard of Review

### A. Removal and Remand

Title 28, United States Code § 1447(c) states in relevant part:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

"The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182-HEH, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id.* (citing *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). Courts must construe removal jurisdiction strictly. *Id.* (citing *Mulcahey*, 29 F.3d at 151). "'If federal jurisdiction is doubtful, a remand is necessary.'" *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

---

[6] The District Court also referred Defendants' Motion to Dismiss (ECF No. 7) and Defendants' Motion to Compel Arbitration (ECF No. 9) to the undersigned Magistrate Judge. Because the Court recommends remand, the Court declines to address these motions. The parties, in consultation with the District Court, stayed full briefing on these two motions while the Court considers the Motion to Remand.

A defendant may remove a civil action initially filed in state court if the plaintiff could have originally brought the action in federal court. *Id.* at *2 (citing *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996)); *see also* 28 U.S.C. § 1441(a).[7] Federal diversity jurisdiction requires complete diversity of citizenship. *Abraham*, 2011 WL 1790168, at *2. (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)); *see also* 28 U.S.C. § 1332(a)(1).[8] "'[T]he citizenship of each plaintiff [must be] diverse from the citizenship of each defendant.'" *Abraham*, 2011 WL 1790168, at *2 (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (alteration in original)).

### III. Analysis

This Court recommends remand of this action to state court. The parties to this controversy lack complete diversity because the JV and RTI are both citizens of Delaware. After considering the citizenship of the JV, no basis exists for the Court to exercise subject-matter jurisdiction due to the lack of complete diversity.

---

[7] 28 U.S.C. § 1441(a) states in relevant part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[8] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States." 28 U.S.C. § 1332(a)(1).

## A.     Remand is Proper Because No Complete Diversity Exists

No party contests the black letter proposition that a limited liability company subject to a

derivative action must be a party to the suit.[9] *See Reilly Mortg. Group, Inc. v. Mount Vernon*

*Sav. & Loan Ass'n*, 568 F. Supp. 1067, 1073 n.1 (E.D. Va. 1983) (noting that "a corporation is

an indispensable party in a derivative suit brought by one of its shareholders"); *see also Michael*

*E. Siska Revocable Trust v. Milestone Dev., LLC*, 715 S.E.2d 21, 27 (Va. 2011) ("A limited

liability company that is the subject of a derivative action must be a party to the suit.") (citing

*Ross v. Berhard*, 396 U.S. 531, 538 (1970)). In this case, RTI brings derivative claims for unjust

enrichment and breach of contract on behalf of Racetime RV, the joint venture. RTI named the

JV as a defendant.

Instead, Defendants suggest that circumstances here would allow the Court to disregard

citizenship of the JV when conducting an assessment regarding diversity jurisdiction.

Defendants contend the Court should disregard the JV's citizenship because the real controversy

exists among RTI, a citizen of Delaware, and Morgan, Moser, and Morgan RV, citizens of New

York and Pennsylvania.[10] (Defs.' Opp'n 2.)

---

[9] No party addresses the direct actions before the Court. RTI brings this case "individually and derivatively," (Compl. 1), and does not specify that any direct counts are *not* brought against the JV. For the reasons stated below, RTI cannot remain a plaintiff and defendant in this case under diversity principles because RTI is a defendant as a member of the Racetime RV JV.

[10] In briefing, both parties address a doctrine invoked by some courts called "realignment." Unlike nearly every realignment case relied upon by the parties, no motion to realign stands before this Court. This alone may prevent this Court from undertaking a realignment analysis. A brief discussion of realignment nonetheless follows.
     Realignment usually arises in derivative suits, where the United States Court of Appeals for the Fourth Circuit has instructed courts to apply the "principal purpose test" to determine the primary issue in controversy, and then align the parties commensurate to their position on that

1. **The citizenship of an LLC on whose behalf a derivative action is brought should be considered when determining diversity jurisdiction**

Contrary to the Defendants' contention, the Court may not disregard the citizenship of the Racetime RV joint venture for diversity purposes. *See Gen. Tech. Applications, Inc.*, 388 F.3d at 120. This case primarily places before the Court the interest of the Racetime RV joint venture which entered into a franchise agreement with NASCAR. As such, the joint venture is the real party in interest.

Even presuming that a realignment analysis should commence, the Court finds the Fourth Circuit's decision in *General Technology Applications, Inc.* dispositive. In *General Technology Applications, Inc.,* Plaintiff Exro Ltda ("Exro"), a Columbian corporation, asserted various claims against individuals and GTA, Inc. ("GTA"), a Virginia corporation. *Id.* at 116. Exro and GTA created a Virginia limited liability company EXG, L.L.C. ("EXG") to pursue a joint venture business to produce and market a drag reduction additive which reduces drag by petroleum products moving in pipelines. *Id.* at 117. EXG, as an LLC, had members who were

---

issue. *See United States Fid. & Guar. Co. v. A&S Mfg. Co.*, 48 F.3d 131, 132 (4th Cir. 1995). Normally, a corporation would be aligned as a plaintiff in a derivative suit, because the corporation would benefit from a successful suit. However, a corporation can be aligned as a defendant if the corporation is "'under a control antagonistic' to the stockholder plaintiffs' rights." *Reilly Mortg. Group, Inc.,* 568 F. Supp. at 1073 (quoting *Doctor v. Harrington,* 196 U.S. 579, 587 (1905)).

Defendants essentially ignore the JV when stating that the actual controversy exists between Delaware's RTI and the New York Defendants, Messrs. Morgan and Moser and Morgan RV. In doing so, Defendants too swiftly conflate other courts' *corporate* derivative suit analyses with the derivative action involving the *LLC* here. As a joint venture, this Court must treat the Racetime RV LLC as a citizen of both Delaware and New York.

As explained more fully below, even were this Court to undertake a realignment analysis, diversity could not be established because if the JV were aligned with Defendants, that would place citizens of Delaware on both sides of the controversy. If the JV were aligned with Plaintiff RTI, New York would appear on both sides of the controversy.

both Columbian and Virginia citizens. Like here, the controlling and managing interests interrelate.

The *General Technology Applications, Inc.* Court found that the case proceeded in the real interest of the jointly-created LLC, EXG. *Id.* As such, the Court found that diversity jurisdiction could not be sustained. If the court aligned EXG (and its Columbian and Virginian members) with Plaintiff Exro, Virginia would remain on both sides of the "V" because defendant GTA had Virginia citizenship. On the other hand, if the Court aligned EXG with Defendant GTA, diversity would be destroyed because EXG, and its Virginia component, would exist on both sides of the controversy.

By comparison, the Racetime RV joint venture, with its Delaware and New York members, cannot be aligned with Plaintiff or Defendants in a manner that maintains diversity. If the Court aligned the Racetime RV joint venture with Defendants, citizens of Delaware remain on both sides of the controversy because Plaintiff RTI is Delawarean. If the Court aligned the Racetime RV joint venture with Plaintiff RTI, New York citizens would exist on both sides of the controversy because Defendant Morgan, Morgan RV and Moser have New York citizenship.

## 2. **This Court finds _Beck_ unpersuasive**

Defendants point to one case in the District of Maryland that has found otherwise: _Beck v. CKD Praha Holding, A.S._, 999 F. Supp. 652 (D. Md. 1998).[11] The _Beck_ court concluded it possessed subject-matter jurisdiction, despite the presence of ETA as a nominal and diversity-defeating defendant, due to the antagonism between "CKD on the one hand, and Beck and Talley on the other."[12] _Id._ at 655. In reaching this conclusion, the district court concluded that where antagonism exists, "the nominal corporation is essentially disregarded, and the Court focuses on the parties to the controversy at issue." _Id._

Despite a Complaint that calls the JV "nominal," (Compl. n.1, ¶ 7), this Court cannot treat the Racetime RV joint venture's interests here as nominal, rather than that of a real party in interest. On this record, it appears that the Racetime RV joint venture entered into a franchise agreement meant to capture proceeds from NASCAR themed RV parks. Nothing suggests its role in that transaction would be to receive proceeds in a nominal fashion, akin to an insurance

---

[11] Beck, a California resident, brought a derivative action as a minority shareholder of Electric Transport of America, Inc. ("ETA"), a Delaware corporation with its principal place of business in Maryland. _Id._ at 654. The Complaint named CKD Praha Holding, A.S. ("CKD"), a Czech corporation with its principal place of business in Prague, Czech Republic, and various officers and employees of CKD as Defendants. _Id._ The Complaint also named ETA as a nominal defendant and James A. Talley, another minority shareholder of ETA, as the final defendant. _Id._ Beck, Talley, and CKD formed ETA as a joint venture for the marketing of transportation equipment and technology possessed by CKD in North America. _Id._ Beck, derivatively on behalf of ETA, alleges breach of contract, breach of fiduciary duty, and fraud. _Id._

[12] The _Beck_ court identified the primary issues in the litigation as "whether CKD wrongfully terminated Beck and Talley, and wrongfully committed a _de facto_ takeover of ETA." _Id._ at 655. Because CKD controlled ETA as its majority shareholder, and because Beck and Talley attacked the actions as minority shareholders, the court concluded the antagonism between CKD and Beck and Talley permitted it to disregard the citizenship of ETA, the nominal entity. _Id._

company holding life insurance proceeds intended for disbursement. Moreover, no decision from this Circuit has expressly discussed or distinguished the *Beck* decision, and at least one court has explicitly rejected its reasoning. *See Gamrex, Inc. v. Schultz*, No. 10-00380-JMS/KSC, 2010 WL 3941344, at *1 (D. Haw. Sept. 28, 2010).[13] This Court, like the *Gamrex* court, declines to follow the 1998 *Beck* decision, especially in light of the Fourth Circuit's 2004 more on point analysis in *General Technology Applications, Inc.*

### B. Because Defendants' Basis for Removal Is Not Objectively Unreasonable, the Court Recommends Denying RTI's Request for Costs and Attorneys' Fees

#### 1. Standard to Evaluate the Award of Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). "[T]he standard for awarding fees should

---

[13] In *Gamrex,* the United States District Court for the District of Hawaii adopted a report and recommendation to remand a derivative action brought on behalf of a joint venture limited liability company because the joint venture, named as a defendant, shared citizenship with the plaintiff. *See Gamrex, Inc. v. Schultz,* No. 10-00380-JMS/KSC, 2010 WL 3943910, at *1 (D. Haw. Sept. 9, 2010). The court determined that derivative claims alleged against the joint venture made it an indispensable and real party in interest whose "citizenship must be considered for the purpose of ascertaining whether complete diversity exists between the parties." *Id.* at *6. The joint venture and the plaintiff shared citizenship because the plaintiff was a member of the joint venture. *Id.* The court recommended remand due to the lack of diversity. *Id.*

The *Gamrex* court explicitly rejected *Beck* because *Beck* dealt with the proper alignment of parties and antagonism, disputes not before the *Gamrex* court. *Id.* at *6 n.11. No such realignment motions pend here, either. Second, the *Gamrex* court found, also like this case, that no form of realignment could result in complete diversity among the parties "because [the joint venture] shares [a defendant's] citizenship." *Id.* Finally, as would pertain to Defendants' contentions here, the *Gamrex* court explained that "the proposition for which Defendants cite *Beck* is at odds with the well-established principle that in derivative actions, the corporation is taken into consideration when assessing diversity jurisdiction. *Id.*

turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* "When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

## 2. The Court Declines to Recommend an Award of Fees and Costs

The Court declines to award fees and costs because Defendants did not lack an objectively reasonable basis for seeking removal. Despite this Court's unwillingness to extend *Beck*, Defendants did not unreasonably rely on that decision to support their argument that, in an LLC-derivative action, a court may, for purposes of diversity jurisdiction, disregard the citizenship of the LLC on whose behalf the claim is brought. (*See* Defs.' Opp'n 2-8.) Beck appears to remain the law for Maryland federal courts, which fall within the Fourth Circuit jurisdiction this Court shares. Although this Court finds *Beck* unpersuasive and recommends that the District Court remand based on the lack of diversity jurisdiction, the lack of Fourth Circuit authority discussing or distinguishing *Beck* suggests that Defendants were not objectively unreasonable in their reliance on a case from this circuit.[14]

---

[14] The Court notes the Fourth Circuit's decision in *General Technology Applications, Inc.* does not distinguish or reference the earlier *Beck* decision.

Therefore, the Court recommends that RTI's request for "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal" be denied.

## IV. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Motion to Remand (ECF No. 4) be GRANTED, but the Magistrate Judge also RECOMMENDS that Plaintiff's request for costs and attorneys' fees be DENIED. The undersigned recommends remanding this action to state court.

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to file specific objections to the Report and Recommendation may preclude further review or appeal from such order. *See Wright v. Collins*, 766 F.2d 841, 844-46 (4th Cir. 1985).

The Clerk is directed to send a copy of the Report and Recommendation to counsel of record and to the Honorable Henry E. Hudson.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 2-5-13

13