IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

RACETIME INVESTMENTS, LLC,   )
  )
     Plaintiff,   )
  )
v.   )     Civil Action No. 3:12CV860-HEH
  )
ROBERT J. MOSER, *et al.*,   )
  )
     Defendants.   )

## MEMORANDUM OPINION
**(Overruling Objections to and Adopting Report and Recommendation)**

THIS MATTER is before the Court on the Report and Recommendation ("R&R")

of the Magistrate Judge concerning Plaintiff's Motion to Remand for Lack of Subject

Matter Jurisdiction (ECF No. 24), and Defendants' objections thereto (ECF No. 25).

For the reasons set forth herein, Defendants' objections will be overruled.

Accordingly, Plaintiff's Motion for Remand will be granted; the matter will be remanded

to the Circuit Court of the County of Spotsylvania. Consistent with the R&R, the Court

will also deny Plaintiff's request for costs and attorneys' fees.

## I.     BACKGROUND

This derivative action concerns a joint venture, Racetime RV Resorts, LLC

("JV"), formed in October 2009 by two limited liability companies, Racetime

Investments, LLC ("RTI") and Morgan RV Resorts, LLC ("Morgan RV"). (Compl.

(ECF No. 1-1) ¶¶ 9–10.) The parties created the JV to franchise NASCAR themed RV

parks through a licensing agreement with NASCAR.

RTI alleges that it contributed approximately 1.6 million dollars of capital to the JV, which Morgan RV agreed to match. (Compl. ¶¶ 14–15.) RTI asserts that Morgan RV never made the matching capital contribution and failed to pay franchise fees and royalties owed to the JV. (Compl. ¶ 15.) Finally, RTI alleges that Morgan RV and its members, Robert Moser ("Moser") and Robert Morgan ("Morgan"), never intended to make the capital contribution, and only formed the JV in order to use the contributed resources to repair and renovate its own RV parks. (Compl. ¶¶ 17–18.)

In August 2009, RTI filed suit individually and derivatively against Morgan RV, Moser, and Morgan, naming the JV as a nominal defendant, in the Circuit Court of the County of Spotsylvania. RTI asserted two derivative claims on behalf of the JV against Defendants—unjust enrichment and breach of contract. Claiming diversity jurisdiction under 28 U.S.C. § 1332, Defendants removed the case to this Court in November 2012. On December 6, 2012, RTI filed a Motion to Remand for Lack of Subject Matter Jurisdiction, contesting Defendants' claim that diversity exists. (ECF No. 4)

While diversity jurisdiction is disputed, neither side disputes the citizenship of the parties. RTI is a citizen of Delaware. (Compl. ¶ 3.) Morgan RV is a citizen of New York and Pennsylvania. (Compl. ¶ 6; Not. Removal (ECF No. 1) ¶ 5.e.) Moser and Morgan are citizens of New York (Compl. ¶¶ 4-5.) The JV is a citizen of Delaware, New York, and Pennsylvania.[1]

---

[1] As an LLC, the JV "is assigned the citizenship of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004).

The dispute between the parties focuses solely on whether the Court should disregard the JV and its citizenship in evaluating the existence of diversity jurisdiction. Because the JV shares citizenship with both RTI and Morgan RV, diversity can only be found if the JV and its citizenship are completely disregarded. After a thorough review of the case law, the Magistrate Judge concluded that "the Court may not disregard the citizenship of the [JV] for diversity purposes." (R&R 8). Defendants object to the Magistrate Judge's reliance on the binding Fourth Circuit precedent in *Gen. Tech.*, 388 F.3d at 120-21. Defendants contend that under *Beck v. CKD Praha Holding, A.S.*, 999 F. Supp. 652 (D. Md. 1998), the Court should disregard the JV and its citizenship. RTI has responded to Defendants' Objections. The matter is now ripe for disposition.

## II. STANDARD OF REVIEW

This Court reviews *de novo* any part of the Magistrate Judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

In their Notice of Removal, Defendants suggested that the Court could disregard the citizenship of the JV because the JV is "merely a nominal defendant" and "the actual controversy set forth in the Complaint is between citizens of different states." (Not. of Removal ¶ 5.e.) Defendants premise their argument on a flawed interpretation of *Doctor v. Harrington*, 196 U.S. 579, 587 (1905), and its progeny. *See Koster v. Lumbermens Mut. Casualty Co.*, 330 U.S. 518 (1947); *Smith v. Sperling*, 354 U.S. 91 (1957).

3

Defendants assert that where there is antagonism between the nominal corporate defendant and the shareholder plaintiff, the Court may disregard the nominal corporate defendant's citizenship and find that there is diversity jurisdiction.

*Doctor* introduced the doctrine of antagonism as grounds for realignment of the parties in shareholder derivative suits. In a derivative suit, "the claim pressed by the stockholder against directors or third parties is not his own but the corporation's.'" *Ross v. Bernhard*, 396 U.S. 531, 538 (1970) (quoting *Koster*, 330 U.S. at 522).[2] At times, however, the nominal corporate party, on whose behalf the suit is brought, may be antagonistic to the shareholder plaintiff.[3] Under *Koster* and *Smith*, district courts may realign the parties according to their real interests for jurisdictional purposes where a nominal corporate party's citizenship would otherwise destroy diversity jurisdiction. *See Koster*, 330 U.S. at 522–23; *Smith*, 354 U.S. at 95–98. However, the Supreme Court has never suggested that the corporate party, whose claim is in fact "the heart of the action," can or should be completely disregarded in determining whether diversity jurisdiction exists. *Ross*, 396 U.S. at 539.

Defendants contend that under *Doctor*, a district court can and should completely disregard the existence of the corporate party where it would destroy diversity. Defendants offer one case in support of this interpretation—*Beck*. In *Beck*, the District Court for the District of Maryland suggested that under the antagonism test, "the nominal

---

[2] A comprehensive overview of the mechanics of a derivative suit and the alignment of the parties can be found in *Hildebrand v. Lewis*, 281 F. Supp. 2d 837, 844–45 (E.D. Va. 2003).
[3] *Smith* clarified that antagonism exists "whenever the management is aligned against the stockholder and defends a course of conduct which he attacks." 354 U.S. at 95.

corporation is essentially disregarded." 999 F. Supp at 655. Setting the corporate party

completely aside, the district court found that diversity jurisdiction existed between the

remaining parties in interest. *Id.*

Defendants' reliance on *Beck* is misplaced, and their interpretation of *Doctor* and

its progeny is incorrect. A recent Fourth Circuit opinion strongly suggests that the

doctrine of antagonism is specifically limited to the realignment of the parties in a

derivative suit and does not allow for real parties in interest to be ignored when

determining whether diversity exists.

In *Gen. Tech.*, the Fourth Circuit cited *Smith* for the proposition that the corporate

party on whose behalf the suit is brought "can be realigned as a plaintiff under certain

circumstances." 388 F.3d at 120. Noting that "[d]iversity jurisdiction is . . . judged by

the real parties in interest," the Fourth Circuit held that "the legal rights asserted [in the

derivative claim] belong[ed] to [the corporate party]" and thus, the corporate party was

"one of the real parties in interest." *Id.* at 121, n.3. Ultimately, the Fourth Circuit

considered the corporate party, whose interests were before the district court, in

determining whether diversity exists and found that diversity was destroyed regardless of

how the corporate party was aligned. *Id.* at 120. By considering the corporate party's

citizenship in its diversity analysis, the Fourth Circuit has implicitly rejected the

extension of the antagonism doctrine articulated in *Beck* and embraced by Defendants.[4]

---

[4] This District Court's own opinions also support the conclusion that *Doctor* and its progeny only
apply to the realignment of parties in a derivative suit where antagonism exists, and do not allow
a district court to completely disregard a corporate party with real interests in an action before

Not only does *Gen. Tech.* implicitly reject Defendants' interpretation of *Doctor* and its progeny, but also the Court's analysis applies with equal force to the facts of the instant case. In *Gen. Tech.*, Exro Ltda. ("Exro"), a Columbian corporation, and GTA, Inc. ("GTA"), a Virginia corporation, formed a limited liability company, EXG, L.L.C. ("EXG"), to pursue a joint venture together. *Id.* at 117. Naming EXG as a nominal defendant, Exro asserted several derivative claims against GTA on behalf of EXG for GTA's alleged failure to make a required capital contribution and to meet other obligations under the operating agreement. *Id.* at 116-17. Thus, the relevant facts mirror those in the immediate case.

As discussed above, the Fourth Circuit found that the jointly-created LLC, EXG, was a real party in interest because the controversy centered on legal rights belonging to EXG. *Id.* at 121, n.3. Having found that EXG was real party in interest, the Court declined to disregard the entity in determining whether diversity existed. *Id.* at 120. The Fourth Circuit concluded that no matter how it aligned EXG, diversity did not exist. If the Court aligned EXG as a defendant, then Exro, a Colombian citizen, would be suing EXG, another Colombian citizen. If EXG was characterized as a plaintiff, EXG, a citizen of Virginia as well as Colombia, would be suing GTA, another citizen of Virginia.

Here, the analysis is the same. The derivative claims asserted—unjust enrichment and breach of contract—clearly belong to the JV. Accordingly, the JV is a real party in interest, whose citizenship must be considered in determining whether diversity exists.

---

the court. *See Hildebrand*, 281 F. Supp. 2d at 844–45; *Reilly Mortg. Group, Inc. v. Mount Vernon Sav. & Loan Ass'n*, 568 F. Supp. 1067, 1073 (E.D. Va. 1983).

Presently aligned as a defendant, the JV shares a common citizenship—Delaware—with the plaintiff, RTI. While the parties have not asked the Court to realign them according to their interests, realignment under *Doctor* and its progeny yields the same result. If the JV is characterized as a plaintiff, the JV then shares common citizenships—New York and Pennsylvania—with the defendants, Morgan RV, Moser, and Morgan. As with *Gen. Tech.*, regardless of how the parties are aligned, diversity jurisdiction does not exist in the instant case.

## IV.  CONCLUSION

Based on the foregoing analysis, this Court will overrule Defendants' objections and will adopt the R&R. Accordingly, RTI's Motion for Remand will be granted, and the matter will be remanded to the Circuit Court of the County of Spotsylvania. Furthermore, Plaintiff's request for costs and attorneys' fees will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: March 7, 2013
Richmond, Virginia